LOREN N. LIBBY et al. *vs.* FRED S. SHERBURNE.

York County. Decided October 6, 1922. Bill in equity to redeem a mortgage given to the defendant by the plaintiff's decedent, Adah A. Harmon. There is no dispute as to the right of the plaintiff to redeem, but only as to the amount due. The conditions are unusual in that the defendant refused to accept the plaintiff's tender because, as the defendant contends, the amount of it was greater than the sum due on the mortgage.

The real controversy relates only incidentally to the mortgage. Before the mortgage was given the defendant had received from Mrs. Harmon a conveyance of the standing timber on the land suitable for sawing, together with the right to cut and remove it within eight years. After the period had expired to wit, Aug. 30, 1915, the mortgage having in the meantime been given, the defend-

ant's right to cut and remove timber was in writing extended "from year to year for the sum of $25 per year so long as said Sherburne may want it to remain on said land."

The defendant made no yearly payments as provided by the extension agreement unless he made such payments, Mrs. Harmon consenting, by crediting twenty-five· dollars per year upon her mortgage.   Mr. Sherburne says that he gave Mrs. Harmon such credit and that this was done by her agreement.

It seems to be assumed by both parties that if payment was not made as above the defendant's right to cut the timber has lapsed. This was the issue of fact.   Upon this issue the Justice who heard the parties and their witnesses found in favor of the plaintiff.   He found "that there was no agreement between the said. Adah A. Harmon and the defendant to apply yearly payments mentioned in said agreement, upon the mortgage declared upon in the plaintiff's bill; that no such application was ever made of any yearly payments by the defendant upon said mortgage."   The findings of a single justice on issues of fact in an equity case have the force of a jury's verdict.   The appellant "must show the decree appealed from to be clearly wrong   Otherwise it will be affirmed."   *Hahnel* v. *Gardiner*, 119 Maine, 308 and cases cited.   A careful reading of the evidence fails to show that the decree in this case is clearly wrong.   Appeal dismissed.   Decree below affirmed.   *Willard & Ford*, for plaintiffs.   *Mathews & Stevens and Lucius B. Sweet*, for defendant.